IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

RAY BURRELL,

    Plaintiff,

v.                                                        C.A. No.:   5:19-cv-1244

ENGINEERED WELL SERVICE INTERNATIONAL, LLC, and
JOHN E. POWELL, JR.,

    Defendants
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RAY BURRELL (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, sues Defendants, ENGINEERED WELL SERVICE INTERNATIONAL, LLC, and JOHN E. POWELL, JR. (hereinafter sometimes collectively referred to as "Defendants"), and in support thereof states as follows:

## INTRODUCTION

1. This is an action by Plaintiff against his employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

## **JURISDICTION**

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, as this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## **VENUE**

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, ENGINEERED WELL SERVICE INTERNATIONAL, LLC, has offices Wilson County, Texas.

## **THE PARTIES**

4. Plaintiff, RAY BURRELL, is an individual residing in Claiborne County, Mississippi.

5. Plaintiff, RAY BURRELL, was employed by Defendants from April of 2018, until August 8, 2018 as a truck driver, at the regular rate of $150.00 per load. Plaintiff's principle duty was to haul "cuttings" from oil fields to a disposal location. Plaintiff's driving duties were restricted to the state of Texas.

6. Defendant, ENGINEERED WELL SERVICE INTERNATIONAL, LLC, is a limited liability company existing under the laws of the State of Texas and maintains offices in Wilson County, Texas.

7. Defendant, ENGINEERED WELL SERVICE INTERNATIONAL, LLC, primarily operates a trucking business and is an employer as defined by 29 U.S.C. § 203(d).

8. Defendant, JOHN E. POWELL, JR., is an individual residing in Wilson County, Texas.

9. Defendant, JOHN E. POWELL, JR., is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, ENGINEERED WELL SERVICE INTERNATIONAL, LLC, in relationship to Plaintiff's employment; therefore, is a joint employer as defined by 29 U.S.C. § 203(d).

10. Defendant, JOHN E. POWELL, JR., (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

11. Defendant, ENGINEERED WELL SERVICE INTERNATIONAL, LLC, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

12. At all times material to this complaint, Defendant, ENGINEERED WELL SERVICE INTERNATIONAL, LLC, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

13. At all times material to this complaint, Defendant, ENGINEERED WELL SERVICE INTERNATIONAL, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

14. At all times material to this Complaint, Defendants were the employers of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendants for his employment.

15. Plaintiff was individually engaged in commerce and produced goods for commerce and his work was directly and vitally related to the functioning of Defendants' business activities. Specifically, Plaintiff performed work relating to the production of oil and gas products for interstate commerce.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

16. Plaintiff 1) occupied the position of truck driver 2) did not hold a position considered as exempt under the FLSA; and, 3) was paid on a per-load basis.

17. Defendants' management required Plaintiff to work in excess of 40 hours in a workweek. Plaintiff worked numerous workweeks in which he worked 12 to14 hours per day.

18. Plaintiff was not paid for his overtime work in accordance with the FLSA.

19. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

20. Specifically, Plaintiff was never paid any additional half-time premium for the work performed for Defendants that was in excess of 40 hours in a workweek.

21. The work schedules for the Plaintiff required him to work in excess of 40 hours in a workweek on a regular and recurring basis during numerous workweeks.

22. In fact, Plaintiff worked numerous workweeks wherein he worked in excess of 84 hours in workweek.

23. Defendants' policy of not properly paying overtime is company-wide and was willful.

24. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

25. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiffs are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

26. The acts described in the above paragraphs violate the Fair Labor

Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

27. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

28. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, RAY BURRELL, demands Judgment against Defendants, jointly and severally, for the following:

a. Awarding Plaintiff compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

b. Awarding Plaintiff pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

c. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

d. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, RAY BURRELL, demands a jury trial on all issues so triable.

Respectfully submitted this October 18, 2019.

**ROSS • SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 789810
**ATTORNEYS FOR PLAINTIFFS**